UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AULD MACDONALD FARMS ARABIANS, ) <br> IAM MACDONALD, AND ) <br> JANET DE ACEVEDO MACDONALD, ) <br>     Plaintiffs, ) <br> ) <br> -v- ) <br> ) <br> TWIN CREEK FARMS, ) <br> ARABIAN SALES ONLINE, ) <br> THERESA RORABAUGH, AND ) <br> MATT RORABAUGH, ) <br>     Defendants. ) <br> _____) | No. 1:14-cv-1298 <br><br> HONORABLE PAUL L. MALONEY |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

The matter is before the Court on Plaintiffs' *ex parte* motion for temporary restraining order and preliminary injunction (ECF No. 5) in this breach of contract action concerning horses owned by Plaintiffs that are currently stabled by Defendants. Defendants have indicated that they will not release the horses to Plaintiffs and that they intend to sell the horses to satisfy disputed bills. Plaintiffs request a temporary restraining order (TRO) that would (1) prevent the removal, sale, or other disposition of the horses, (2) allow Plaintiffs to remove the horses to a neutral, third-party stable until the conclusion of the litigation, and (3) end the Defendants' alleged cybersquatting and release to Plaintiffs the domain name legacysrenoir.com. Because the Plaintiffs have satisfied the requirements for a TRO under Fed. R. Civ. P. 65(b)(1) and (2) on part of their request, Plaintiffs' motion is **GRANTED IN PART, RESERVED IN PART, and DENIED IN PART.**

1

**FACTS**

Plaintiffs Ian Macdonald and Janet de Acevedo Macdonald own a horse sales and breeding company, Auld Macdonald Farms Arabians ("AMF"), in Minnesota. In order to accommodate a three-year work assignment in the Phillippines, Plaintiffs chose Defendants to board and care for their ten horses and continue their business, and Plaintiffs transported those horses to Defendants in Michigan. Plaintiffs allege that they formed eleven oral contracts with Defendants to "board and care for each horse, manage Plaintiffs' entire breeding program, market and advertise Plaintiffs' United States National Championship stallion's breeding services, and market, advertise and sell several other horses, including offspring from the Plaintiffs' breeding program, through various Arabian horse websites and magazines." (ECF No. 1 at ¶ 3.) Plaintiffs filed a complaint on December 18, 2014 alleging that Defendants materially breached those oral contracts by botching sales, advertising, and breeding contracts, failing to adequately care for the horses, and diverting business to other horses, among other things. The complaint also alleges tortious interference with advantageous business relationships or prospective economic relations and violations of the Michigan Usury Act. Additionally, an accounting was requested because the parties dispute the amount of money Plaintiffs owe for Defendants' boarding and other services.

On December 30, 2014, Plaintiffs filed the instant motion for a TRO and preliminary injunction prior to serving Defendants with the complaint. Plaintiffs allege that Defendants have expressed their intention to sell six horses, which are valued at more than $600,000, to satisfy about $26,000 of unpaid and disputed bills. Defendants allegedly have attempted to initiate a sheriff's sale of the horses in Mecosta County under an agister's lien and refuse to release the horses to Plaintiffs. Plaintiffs have been in contact with Amanda Van Essen, who they believe is Defendants' attorney.

However, Ms. Van Essen has not accepted service of the complaint on behalf of the Defendants or entered an appearance in this case.

## LEGAL FRAMEWORK

Decisions regarding a temporary restraining order are within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) ("The district court's decision to grant a temporary restraining order, when appealable, is reviewed by this court for abuse of discretion.") (quoting *Ne. Ohio Coal. for Homeless and Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts, through an affidavit or a verified complaint, clearly showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Ne. Ohio Coalition*). The four factors are not prerequisites that must be met, but are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition*, 467 F.3d at 1009.

## ANALYSIS

Plaintiffs have met both conditions identified in Rule 65(b)(1) for a partial temporary

restraining order to issue. First, Plaintiff Ian Macdonald submitted an affidavit (ECF No. 7), which verifies that the factual allegations in the complaint are true to the best of his knowledge. The factual allegations in the affidavit and complaint establish that an irreparable injury will occur before Defendants can be heard in opposition to this motion. Plaintiffs have been informed that Defendants are seeking to sell six of Plaintiffs' horses at a sheriff's sale at an unknown date within the next 60 days. Plaintiffs are also concerned for the welfare of their horses and the impact on their business of Defendants' continued use of the website legacysrenoir.com. The Court finds that the sale or other disposition of the six horses that form the basis of Plaintiffs' breeding business constitutes irreparable harm. Such horses cannot be easily replaced and their value and potential future profits will be difficult to establish. However, the Court does not find that Defendants' continued use of the disputed website constitutes irreparable harm; a judicial remedy after a determination on the merits will be sufficient to redress the alleged harm to Plaintiffs' business. *See Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). The Court reserves its determination concerning the movement of the horses until the hearing on the preliminary injunction. Second, Plaintiffs' counsel also certified, in the motion, their efforts to give notice to Defendants through their counsel, Amanda Van Essen. (ECF No. 5.) The Court finds that there is insufficient time to serve Defendants before the sheriff's sale may occur.

   Plaintiff has also set forth sufficient argument and evidence to establish each of the four factors necessary to be entitled to a TRO enjoining the sale of the horses. The impending sale or loss of the horses constitutes irreparable harm, as noted above. The issuance of a TRO would not significantly harm Defendants or anyone else. If it is established that Plaintiffs owe Defendants roughly $26,000 and Defendants have a proper agister's lien on the horses, that debt can be redressed

through the judicial process without a premature sale of horses worth more than 23 times the disputed debt. The agister's lien will not be impacted by the short delay caused by a TRO.

Further, the public has a strong interest in the enforcement of contracts and the fair treatment of animals. Finally, Plaintiffs have established a likelihood of success on the merits. Whether based on the oral contracts or the written boarding contracts, Plaintiffs have alleged viable claims of breach of contract. Plaintiffs have also demonstrated a likelihood of success on the interference with business relationships/prospective economic relations claim.

## CONCLUSION

For these reasons, Plaintiffs are entitled to a TRO enjoining the sale, movement, or other disposition of their horses. Defendants are not enjoined from use of the domain name legacysrenoir.com at this time. The Court will address moving Plaintiffs' horses to another stable at the hearing on the preliminary injunction.

## ORDER

1. Plaintiffs' motion for a temporary restraining order (ECF No. 5) is **GRANTED IN PART, RESERVED IN PART, AND DENIED IN PART.** Defendants are restrained from selling, moving, or otherwise disposing of Plaintiff's horses until further order of this Court. The removal of Plaintiffs' horses to a third-party stable is reserved. Plaintiff's request that this Court order Defendants to cease cybersquatting and release the domain name legacysrenoir.com is denied.

2. Pursuant to Fed. R. Civ. P. 65(b)(2), this order issues on Wednesday, December 31, 2014 at 5:00 p.m. Plaintiffs' irreparable injury is the loss of their horses. Notice of the suit to Defendants and the scheduling of a hearing prior to the threatened sale was not possible.

3. A hearing for a preliminary injunction will occur on **Wednesday, January 14, 2015 at 1:30 p.m.** at 174 Federal Building, 410 W. Michigan Ave., Kalamazoo, MI 49007. Defendants shall file a response to Plaintiff's motion for a Temporary Restraining Order and Preliminary Injunction by **Thursday, January 8, 2015 at 5 p.m.** The temporary restraining order shall be in force until 5 p.m. on **Wednesday, January 14, 2015,** or until otherwise ordered by this Court.

4. The issue of moving the horses to a neutral, third-party stable will be addressed at the preliminary injunction hearing. Plaintiffs shall be prepared to designate a proposed stable and Defendants shall be prepared to satisfy the Court that the horses are being adequately cared for.

5. Plaintiff shall serve the summons and complaint, a copy of her motion and brief, and a copy of this order on all Defendants as soon as possible and shall file proof of service with the Court as to each Defendant served.

**IT IS SO ORDERED.**

Date:   December 31, 2014                              /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       Chief United States District Judge